FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
11 SEP 14 AM 10: 31
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause Nos.  1:10-CR-0096-WTL-KPF |
| ) | 1:11-CR-169-WTL-KPF |
| ) | |
| TREVOR J. SHEA, ) | |
| ) | |
| Defendant. ) | |

**PLEA AGREEMENT UNDER RULE 11(c)(1)(B)**

The United States of America, by counsel, Joseph H. Hogsett, United States Attorney for the Southern District of Indiana, A. Brant Cook, Assistant United States Attorney, Bonnie L. Kane, Trial Attorney, Child Exploitation and Obscenity Section, Criminal Division, U.S. Department of Justice, and the defendant, TREVOR J. SHEA, in person and by counsel, Michael J. Donahoe, hereby inform the Court that a Plea Agreement has been reached in the above-captioned causes pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The following are its terms and conditions:

1. **Pleas of Guilty to the Indictment and the Information:** The defendant agrees to plead guilty to Counts 1-4 of the Indictment filed under Cause No. 1:10-CR-0096-WTL-KPF ("the Indictment"), which charge that he sexually exploited a minor female in violation of 18 U.S.C. §§ 2251(a) and (e). The defendant further agrees to waive indictment by a federal grand jury and plead guilty to Counts 1-3 of the Information filed under Cause No. 1:11-CR-169-WTL-KPF ("the Information"), which charge that he sexually exploited four (4) minor females in violation of 18 U.S.C. §§ 2251(a) and (e).

1

2. **Venue as to the Information**: Venue for the offenses charged in the Information lies in the District of Maryland and in other federal districts other than the Southern District of Indiana. The defendant agrees to waive any objection to venue in the Southern District of Indiana for purposes of all court proceedings regarding the Information.

### The Indictment

3. **Counts 1 through 4 of the Indictment**: These Counts charge the defendant with sexual exploitation of a minor female by using and coercing her to produce child pornography. Each one of these offenses may be punished by a term of imprisonment of between fifteen (15) and thirty (30) years, a fine of up to $250,000, and a term of supervised release following any term of imprisonment for up to the life of the defendant.

4. **Elements as to Counts 1 - 4**: To sustain the offenses charged in Counts 1 through 4 of the Indictment, the government must prove the following propositions beyond a reasonable doubt for each count: (1) the defendant employed, used, persuaded, induced, enticed, or coerced a minor; (2) to engage in sexually explicit conduct, as such conduct is defined in Title 18, United States Code, Section 2256(2); (3) for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct; and (4)(i) knowing or having reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce, or mailed; (ii) such visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including a computer; or (iii) such visual depiction was actually transported or transmitted using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce, or mailed.

## The Information

5. **Counts 1 through 3 of the Information**: These Counts charge the defendant with sexual exploitation of four (4) minor females by using and coercing them to produce child pornography. Each one of these offenses may be punished by a term of imprisonment of between fifteen (15) and thirty (30) years, a fine of up to $250,000, and a term of supervised release following any term of imprisonment for up to the life of the defendant.

6. **Elements as to Counts 1 - 3**: To sustain the offenses charged in Counts 1 through 3 of the Information, the government must prove the following propositions beyond a reasonable doubt for each count: (1) the defendant employed, used, persuaded, induced, enticed, or coerced a minor; (2) to engage in sexually explicit conduct, as such conduct is defined in Title 18, United States Code, Section 2256(2); (3) for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct; and (4)(i) knowing or having reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce, or mailed; (ii) such visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including a computer; or (iii) such visual depiction was actually transported or transmitted using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce, or mailed.

### Additional Penalty for Commission of Crimes while on Pre-Trial Release

7. The defendant acknowledges that on the dates of the commission of the crimes alleged in the Information he was on pre-trial release pursuant to 18 U.S.C. § 3142(c), relating to the Indictment. The defendant acknowledges that, pursuant to 18 U.S.C. § 3147, he faces an additional penalty between zero (0) and ten (10) years imprisonment for each of the three (3) offenses committed while on pre-trial release that are charged in the Information. The defendant acknowledges that any sentence of imprisonment imposed pursuant to 18 U.S.C. § 3147 on any of the three (3) offenses charged in the Information must be run consecutive to the sentence imposed on the offenses charged in the Information, and to the sentence imposed on the offenses charged in the Indictment. The defendant therefore acknowledges that, in addition to the penalties for the offenses charged in the Indictment and the Information, he is subject to the possibility of an additional consecutive sentence of between zero (0) to thirty (30) years imprisonment.

### GENERAL PROVISIONS

8. The defendant agrees and understands that this plea agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the determination of his sentence is within the discretion of the Court. He understands that if the Court decides to impose a sentence higher or lower than any recommendation of either party, then he will not be permitted to withdraw his pleas of guilty for that reason and will be bound by his plea of guilty.

9. The defendant agrees and understands that the Court will use its discretion to fashion a sentence within the statutory ranges set forth above. He agrees and understands that the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence within these statutory ranges. He agrees and understands that the Court will also consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in determining the appropriate sentence within these statutory ranges. He agrees and understands that the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature. He agrees and understands that the final determination of the sentence, including the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court.

10. The defendant understands that the Court may impose consecutive sentences for each of the crimes charged in the Indictment and the Information. The defendant further understands that the Court cannot impose a sentence higher than the combined statutory maximum of all the Counts in the Information and the Indictment with each offense run consecutively, with the exception that he is subject to the possibility of an additional 0-10 years imprisonment on each count of the Information pursuant to 18 U.S.C. § 3147, that must be run consecutive to any other sentence of imprisonment.

11. The defendant understands that this plea agreement is based upon the information presently known to the United States Attorney for the Southern District of Indiana.

5

## SPECIFIC PROVISIONS

12. **Sentencing Arguments:** Both parties reserve the right to present evidence and arguments in support of what they believe to be an appropriate sentencing recommendation in the cases, including the length of any term of supervised release. The parties have not agreed upon a specific sentence.

13. **Special Conditions of Supervised Release:** The parties jointly recommend that the Court should impose the Special Conditions of supervised release listed below, in addition to any other Standard and Special Conditions which the Court deems appropriate in these cases. The parties understand and agree that these recommended Special Conditions are not binding upon the Court if it accepts this Guilty Plea Agreement, and that the Court may determine which Standard and Special Conditions to apply in these cases.

   A. The Defendant shall not possess any obscenity, pornography, erotica, or nude images. Any such material found in the Defendant's possession shall be considered contraband and may be confiscated by the probation officer.

   B. The Defendant shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The Court authorizes the release of the pre-sentence report and available psychological evaluations to the mental health provider, as approved by the probation officer.

   C. The Defendant shall not have any unsupervised contact with any minor child, unless the contact has been disclosed to and approved by the probation officer. In determining whether to approve such contacts involving members of the

        Defendant's family, the probation officer shall determine if the Defendant has notified the persons having custody of any such minors about his conviction in this case and the fact that he is under supervision. If this notification has been made, and if the person having custody consents to the contact, then this condition is not intended to prevent approval of the contact.

D. The Defendant shall register as a sex offender as required by law with the appropriate authorities of any state in which he resides, is employed, or attends school.

E. The Defendant shall submit to the search by the probation officer of his person, vehicle, office/business, residence, and property, including any computer systems and its peripheral devices with the assistance of other law enforcement as necessary. The Defendant shall submit to the seizure of contraband found by the probation officer. The Defendant shall warn other occupants that the premises may be subject to searches.

F. The Defendant shall provide a DNA sample as directed by the probation officer.

G. The Defendant shall consent, at the direction of the probation officer, to having installed on his computer(s) and any hardware or software, systems to monitor his computer use. Monitoring will occur on a random and/or regular basis. The Defendant will warn other occupants of the existence of the monitoring software placed on his computer(s).

14. **Fine:** Both parties reserve the right to present evidence and arguments concerning whether the Court should impose a fine in these cases and the amount of any such fine.

15. **Restitution:** The parties understand that pursuant to 18 U.S.C. §§ 2259 and 3663A, federal law requires mandatory restitution for the offenses charged in the Indictment and the Information. The parties reserve the right to present evidence and arguments concerning the amount and payment terms of this restitution. Pursuant to 18 U.S.C. § 3663A(a)(3), the Defendant agrees and stipulates that, in addition to the victim Jane Doe 1 named in the Indictment, and the victims Jane Does 2, 3, 4 and 5 named in the Information, the victims Jane Does 6, 7, 8, 9 and 10, whose true identities are set out in Exhibit "B" to this Plea Agreement, also shall be entitled to claim restitution under 18 U.S.C. §§ 2259 and 3663A to the same extent as if they had been named in the Indictment or the Information. The parties reserve the right to present evidence and arguments concerning the amount and payment terms of any restitution claims made by Jane Does 1, 2, 3, 4, 5, 6, 7, 8, 9 and 10.

16. **Special Assessment:** The Defendant agrees to remit to the Court at the time of sentencing or as directed by the Court a certified check or money order in the amount of $700.00, payable to Clerk, United States District Court, which amount represents the mandatory special assessment that must be imposed by the Court and paid by all federal defendants pursuant to Title 18, United States Code, Section 3013.

17. **Rights of Victims:** The Defendant agrees that Jane Does 6, 7, 8, 9 and 10, whose true identities are set out in Exhibit "B" to this Plea Agreement, are "crime victims", as that term is defined by 18 U.S.C. § 3771(e), and each shall have the rights of a crime victim as

set forth in 18 U.S.C. § 3771(a) to the same extent as a crime victim named in the Indictment and the Information. The Defendant agrees that each shall have the right to submit a victim impact statement to the Court, and that the Court should consider these victim impact statements in determining his sentence. The Defendant agrees to not commence any contact with Jane Does 1, 2, 3, 4, 5, 6, 7, 8, 9 and 10.

      18. **Good Behavior Requirement:** The government reserves the right to withdraw from this plea agreement if the defendant commits a new criminal offense before the date of sentencing.

      19. **Forfeiture:** The Defendant hereby abandons all right, title and interest in all property seized by authorities during the searches of his residence, including but not necessarily limited to computer equipment, cameras, cell phones, computer storage media, monitors, and computer files, so that proper disposition may be made thereof by federal, state, or local law enforcement agencies involved in the investigation of the Defendant's criminal activity. The Defendant acknowledges that all of the seized property was used or intended to be used in the production of child pornography and is therefore subject to forfeiture pursuant to Title 18, United States Code, Section 2253 and/or 2254. He further agrees not to contest any forfeiture action brought against the seized property, whether the action is administrative or judicial, civil or criminal, and agrees not to contest any use or destruction of the property by any federal, state or local law enforcement agency.

      20. The Defendant will provide all requested financial information to the Financial Litigation Unit of the United States Attorney's Office for the Southern District of Indiana for use in the collection of any fines or restitution imposed by the Court.

21. The Defendant agrees that the attached Stipulated Factual Basis, labeled as Exhibit "A," represents, in summary form, an accurate and complete recounting of his criminal activity involving the sexual exploitation of children and his possession, receipt, distribution, and/or transportation of child pornography, and provides a sufficient factual basis for his pleas of guilty to the offenses charged in the Indictment and in the Information.

## FINAL PROVISION

22. The Defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, its Exhibits and the attached agreement with the United States Attorney's Office for the District of Maryland, to induce him to plead guilty. This document, along with its Exhibits and the attached agreement with the United States Attorney's Office for the District of Maryland, is the complete and only plea agreement between the Defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to this agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOSEPH H. HOGSETT
United States Attorney

_9/14/11_   _[signature]_
DATE        A. Brant Cook
            Assistant United States Attorney

_9/14/11_   _Bonnie Kane by A. Brant Cook_
DATE        Bonnie L. Kane
            Trial Attorney

_9/14/2011_  _[signature] D. Minkler /for_
DATE         Joe H. Vaughn
             Criminal Chief

_9/1/11_    _Trevor Shea_
DATE         TREVOR J. SHEA
             Defendant

_9/1/11_    _Michael D. Lol_
DATE         Michael Donahoe
             Attorney for Defendant

### Agreement with U.S. Attorney for the District of Maryland

Upon the final order of judgment in the cases *United States v. Trevor J. Shea* (S.D. Ind. 1:10-CR-0096-WTL-KPF), and *United States v. Trevor J. Shea* (S.D. Ind. 1:11-CR-169-WTL-KPF) the United States Attorney for the District of Maryland agrees to decline prosecution of the Defendant, TREVOR J. SHEA, for any offenses involving Defendant's sexual exploitation of children or the possession, receipt, distribution, and/or transportation of child pornography, arising from the facts contained in Exhibit "A" to this plea agreement.

The Defendant acknowledges that this Agreement does not bind any state or local prosecuting authority in Maryland other than the United States.

The U.S. Attorney for the District of Maryland reserves the right to withdraw from this Agreement should the Defendant violate the terms of paragraphs 15 and 17 of his Plea Agreement in the above-referenced cases by contesting the crime victim and/or restitution rights of Jane Does 2, 3, 4, 5, 6, 7, 8, 9 and/or 10.

9/13/11
DATE

9/1/11
DATE

9/1/11
DATE

Stacy Belf
Assistant United States Attorney
U.S. Attorney's Office for the District of Maryland

TREVOR J. SHEA
Defendant

Michael Donahoe
Attorney for Defendant

12

## STATEMENT OF THE DEFENDANT

I have read the entire Plea Agreement and discussed it with my attorney.

I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

I am fully satisfied with my attorney's representation during all phases of these cases.

I am freely and voluntarily pleading guilty in these cases.

I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime(s) to which I am entering my plea(s).

My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within 14 days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

Finally, my attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation officer, then the Court may increase my sentence.

9/1/11
DATE

Trevor Shea
TREVOR J. SHEA
Defendant